```
                UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RANDOLPH LEE SIMMONS,       : CIVIL NO: 3:CV-05-01397
         Plaintiff          :
                            : (Judge Conaboy)
     v.                     :
                            : (Magistrate Judge Smyser)
LINDA K.M. LUDGATE,         :
MARK BALDWIN, and           :
THOMAS W. CORBETT, JR.      :
         Defendants         :
```

**REPORT AND RECOMMENDATION**


On July 12, 2005, the plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a complaint. The plaintiff also filed an application to proceed *in forma pauperis.*[1]


We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

1. By a separate order filed this date, the plaintiff's application to proceed *in forma pauperis* was granted.

> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The complaint names as defendants Linda K.M. Ludgate, a judge of the Court of Common Please of Berks County; Mark Baldwin, the District Attorney of Berks County; and Thomas W. Corbett, Jr., the Attorney General of Pennsylvania.

The Statement of Claim section of the plaintiff's complaint is titled "Quo Warranto" and subtitled "Fraud R.I.C.O. Organized Crime." The Statement of Claim reads in its entirety:

> **Failure to Produce** "All" Documents that supports your Evidence that has been introduced against me. And "HOW" does your Constitution apply to me? Since, I am not a signatory to the Constitution!
> Failure to Produce-The Evidence that supports the creation of the All Capitol letter **(Legal Fiction)** Involuntary Trust Name RANDOLPH LEE SIMMONS. The Courts <u>did</u> <u>not</u> inform me that there was a Trust involved, **Which is fraud**!!
> Governments are Corporations, in as much as every government is an artificial person, an abstraction, and a creature of the mind only. A government can deal only with artificial persons. The imaginary, having no realty or

2

>        substance cannot create or attain party with
>        the actual.  The legal aspect of this is that
>        no governments, (Courts) or any law, agency,
>        aspect thereof, can concern itself with any-
>        thing other than corporate, artificial persons.
>        The corporation exists only by force of, or in
>        the contemplation of, Law, it is an abstract
>        and aedixery construct of the mind.  Government
>        (Courts) interface with real people first by
>        "**<u>Secretly</u>**" appending a corporately colored name
>        **"<u>STRAWMAN</u>"** to them, **<u>Fraudulently</u>"**, deceiving
>        people to believe that the new construct all
>        capitol letter name refers to them. **Conditional
>        Acceptance For Value For Proof Of Claim.
>        Federal Rules of Civil Procedure 12 B (6)
>        Silence is Acceptance Admitting Fraud. /OR/
>        Immediately release Me From Custody!**
>        Requesting Judge names assigned to this case
>        with (copy) of certified Judge's
>        Oath/affirmation to uphold the Constitution.

As relief the plaintiff is seeking money as well as immediate release from custody.

We conclude that the complaint fails to state a claim upon which relief may be granted.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  The statement required by Rule 8(a)(2) "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema*, 534 U.S. 506, 512

3

(2002)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.* Furthermore, *pro se* civil rights complaints are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

Considering the plaintiff's complaint liberally under the notice pleading standard, we nevertheless conclude that the complaint fails to state a claim upon which relief may be granted. The complaint does not provide fair notice of what the plaintiff's claims are against the defendants and the grounds upon which those claims rest. Moreover, to the extent that the plaintiff is seeking release from custody he must pursue that claim by way of a petition for a writ of habeas corpus rather than in a 42 U.S.C. § 1983 case such as the instant case. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(holding that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Based on the foregoing, it is recommended that the complaint in this case be dismissed pursuant to 28 U.S.C. § 1915A and that the case file be closed.


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  July 18, 2005.