UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH LEE SIMMONS, | : |
| | : |
| Plaintiff, | :CIVIL ACTION NO. 3:05-CV-1397 |
| | : |
| v. | :(JUDGE CONABOY) |
| | :(Magistrate Judge Smyser) |
| LINDA K.M. LUDGATE, MARK BALDWIN, and THOMAS W. CORBETT, JR., | : |
| | : |
| Defendants. | : |

_____

**MEMORANDUM AND ORDER**

Here we consider Magistrate Judge J. Andrew Smyser's Report and Recommendation, (Doc. 8), issued on July 18, 2005, concerning Plaintiff's § 42 U.S.C. § 1983 action, (Doc. 1).  Upon initial screening pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends the case be dismissed for failure to state a claim. (Doc. 8 at 3.)  After having been given an extension of time to file objections, (Doc. 10), Plaintiff filed objections to the Report and Recommendation on August 11, 2005, (Doc. 11).

When objections are filed to a Report and Recommendation, the district court reviews *de novo* those findings to which objection has been made.  28 U.S.C. § 636(b)(1); *Cipollone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert. denied*, 484 U.S. 976 (1987).  Therefore, we will review *de novo* the issues raised in Plaintiff's objections.

In addition to objections, Plaintiff filed a document entitled

1

"Affidavit" on August 17, 2005, (Doc. 12), and a motion for a temporary restraining order and/or preliminary injunction, (Doc. 13).

For the reasons discussed below, we adopt the Magistrate Judge's Report and Recommendation as modified and deem Plaintiff's temporary restraining order/preliminary injunction motion moot.

## I. Background

Plaintiff is a state prisoner currently incarcerated at the State Correctional Institution at Waymart ("SCI-Waymart"), Waymart, Pennsylvania. His application to proceed *in forma pauperis* has been granted and he is proceeding *pro se.* In his 42 U.S.C. § 1983 form Complaint, the statement of his claim is on an attached sheet. It is titled "Quo Warranto" and subtitled "Fraud R.I.C.O. Organized Crime." (Doc. 1 Att.)  The text reads as follows:

> **Failure to produce "All"** Documents that supports your Evidence that has been introduced against me.  And **"HOW"** does your constitution apply to me? Since, I am not a signatory to the Consitution!
>
> Failure to Produce-The Evidence that supports the creation of the All Capitol Letter **(Legal Fiction)** Involuntary Trust Name RANDOLPH LEE SIMMONS.  The Courts did not inform me that there was a Trust involved, **Which is fraud!!** Governments are Corporations, in as much as every government is an artificial person, an abstraction, and a creation of the mind only. A government can deal only with artificial persons.  The imaginary, having no realty or substance cannot create or attain party with the actual.  The legal aspect of this is that no governments, (Courts) or any law, agency, aspect thereof, can concern itself with any-

2

> thing other than corporate, artificial persons.  The corporation exists only by force of, or in the contemplation of, Law, it is an abstract and aedixery construct of the mind.  Government (Courts) interface with real people first by "Secretly" appending a corporately colored name "Strawman" to them, **Fraudulently",** deceiving people to believe that the new construct all capitol letter name refers to them.  Conditional Acceptance For value For Proof Of Claim.  Federal Rules of Civil Procedure 12 B (6) Silence is Acceptance Admitting Fraud. /OR/ Immediately release Me From Custody!
>
> Requesting Judge names assigned to this case with (copy) of certified Judge's Oath/affirmation to uphold the Constitution.

(Doc. 1 Att.)[1]  In his Complaint, Plaintiff states no other facts upon which his claim is based.  He identifies Defendant Ludgate as a Judge in the Berks County Courthouse, Defendant Baldwin as the Berks County District Attorney and Defendant Corbett as Attorney General of Pennsylvania.  (Doc. 1 § III.)  He seeks both monetary and injunctive relief.  (*Id.* § V.)

In subsequent filings, Plaintiff has complained of being denied access to the courts, (Docs. 9, 13), being detained beyond his maximum release date of June 29, 2004, (Doc. 12), being detained for thirteen years on a twelve year sentence, (Doc. 11), and being charged with a "phony misconduct for (intent) in RHU

---

[1] Because they are so numerous, we have not used the customary [sic] to refer to mistakes in the original.  Rather, the reader can assume that mistakes in spelling and punctuation are in the original.

3

(hole) 180 days." (Doc. 12.)  The only assertion made in the document identified as responsive to the Magistrate Judge's Report and Recommendation is his claim that he has been held for thirteen years on a twelve year sentence. (Doc. 11.)

## II. Discussion

### A.   42 U.S.C. § 1983 Screening

We conclude the Magistrate Judge has properly determined that Plaintiff's Complaint fails to state a claim upon which relief may be granted and, therefore, should be dismissed pursuant to 28 U.S.C. § 1915.[2]

Section 1915 provides in pertinent part:

> the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

As the Magistrate Judge concluded, the allegations in Plaintiff's Complaint do not satisfy even the minimum notice pleading requirements of the Federal Rules of Civil Procedure. *See* Rule 8(a)(2) Fed. R. Civ. P.  This is true even if considered under

---

[2] The Magistrate Judge performed the screening pursuant to 28 U.S.C. § 1915A. However, section 1915 applies to prisoners who are proceeding *in forma pauperis* as is Plaintiff here. The Magistrate Judge's analysis is applicable because the same screening provisions apply to § 1915 and § 1915A. Therefore, we adopt his report with the modification that the screening is pursuant to 28 U.S.C. § 1915.

4

the liberal pleading standards applied to *pro se* complaints.  *See Haines v. Kerner*, 404 U.S. 519 (1972).

Although, as noted above, Plaintiff does raise other issues in his subsequent filings, they are not raised, even by inference, in his Complaint and we have no way of knowing what claims form the basis of this action.  Therefore, Plaintiff's assertions regarding access to the courts, RHU confinement and confinement in excess of his maximum are not properly before the Court and we will not consider them further.  However, given Plaintiff's vague assertions made in post-complaint filings and his alleged mental difficulty,[3] we conclude that the most prudent course of action is to dismiss Plaintiff's case without prejudice.[4]  In order to facilitate future filings, we will forward to Plaintiff a form complaint for a 42 U.S.C. § 1983 action and a form petition for a 28 U.S.C. § 2254 action along with this Memorandum and Order.[5]

---

[3] In his objections to the Report and Recommendation, Plaintiff states that he is "mentally retarded."  (Doc. 11.)

[4] Because of the deficiency found in Plaintiff's Complaint and the fact that the issues raised in his post-complaint filings are not properly before the Court, this is not a case where allowing Plaintiff leave to amend his Complaint could cure the deficiencies found in the original.

[5] For example, if Plaintiff wishes to file an action relating to access to the courts or detention in RHU, a 42 U.S.C. § 1983 action is appropriate.  On the other hand, if he wishes to file an action relating to the length of his incarceration, a 28 U.S.C. § 2254 habeas action is the proper vehicle.  In either case, a plaintiff must identify the conduct which forms the basis of the complaint.

Although Plaintiff complains of being denied access to the

5

**B.   *Temporary Restraining Order and Preliminary Injunction***

Our decision on Plaintiff's underlying case renders his request for a temporary restraining order and/or a preliminary injunction moot.  Plaintiff brings a motion for this relief based on his assertion that he is being denied access to the courts. (*See* Doc. 13.)  Plaintiff's access to the courts is not implicated in our decision that his Complaint does not satisfy applicable requirements because he has been able to file all required documents, including objections to the Magistrate Judge's Report and Recommendation.  (*See* Doc. 13.)  "Where an inmate does not suffer an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated."  *Garlandi v. Horton*, 129 Fed. Appx. 733, 735 (3d Cir. 2005) (*citing Lewis v. Casey*, 518 U.S. 343 (1996).  Moreover, as noted above, Plaintiff's assertions regarding access to the courts are not properly before this Court as this issue is not raised or implicated in his Complaint.

### III. Conclusion

For the reasons discussed above, we adopt the Magistrate Judge's Report and Recommendation as modified, *see supra* p. 4 n.2, we dismiss Plaintiff's Complaint without prejudice, (Doc. 1), and deem moot his motion for temporary restraining order and/or

---

courts, he has received and filed documents in the instant action, and, therefore, should be able to file a form complaint and/or petition if he has the grounds and chooses to do so.

preliminary injunction, (Doc. 13).   An appropriate Order follows.

                                              <u>S/Richard P. Conaboy</u>
                                              RICHARD P. CONABOY
                                              United States District Judge

DATED: August 24, 2005 _____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
RANDOLPH LEE SIMMONS,            :
                                 :
        Plaintiff,               :CIVIL ACTION NO. 3:05-CV-1397
                                 :
        v.                       :(JUDGE CONABOY)
                                 :(Magistrate Judge Smyser)
LINDA K.M. LUDGATE, MARK         :
BALDWIN, and THOMAS W.           :
CORBETT, JR.,                    :
                                 :
        Defendants.              :
```

## **ORDER**

AND NOW, THIS 24th DAY OF AUGUST 2005, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS   HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation, (Doc. 8), is ADOPTED as modified;

2. Plaintiff's 42 U.S.C. § 1983 action is DISMISSED WITHOUT PREJUDICE on the basis that the Complaint, (Doc. 1) fails to state a claim pursuant to 28 U.S.C. § 1915;

3. Plaintiff's motion for temporary restraining order and/or preliminary injunction, (Doc. 13), is DEEMED MOOT;

4. Any appeal from this Order will be deemed frivolous;

5. The Clerk of Court is directed to close this case.

                                    S/Richard P. Conaboy
                                    RICHARD P. CONABOY
                                    United States District Judge

8